UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>   v.<br><br>IVY B. GAINES,<br><br>               Defendant. | | CR03-496 TSZ |
| IVY BYRD GAINES,<br><br>               Petitioner,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>               Respondent. | | C17-264 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on two motions brought by Ivy Byrd Gaines, namely (i) a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), CR03-496, docket no. 132, and (ii) a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, C17-264, docket no. 1.  Having reviewed all papers filed in support of, and in opposition to, the motions, the Court enters the following order.

ORDER - 1

**Background**

In March 2005, a jury found Gaines guilty on all 18 counts charged in the Second Superseding Indictment, which included five counts of Armed Bank Robbery, one count of Bank Robbery, one count of Armed Credit Union Robbery, one count of Credit Union Robbery, two counts of Interference with Commerce by Robbery (see Hobbs Act, 18 U.S.C. § 1951), and eight counts of Using a Firearm During and in Relation to a Crime of Violence (see 18 U.S.C. § 924(c)), which corresponded to the six armed robberies and two Hobbs Act robberies.  See Verdict (CR03-496, docket no. 84); Second Superseding Indictment (CR03-496, docket no. 35).  In July 2005, pursuant to the then-applicable version of 18 U.S.C. § 924(c)(1)(C), as interpreted by the United States Supreme Court, see Deal v. United States, 508 U.S. 129 (1993), Gaines was sentenced to seven years in prison on the first firearm enhancement and 25 years on each of the other seven firearm enhancements, to be served consecutively, for a total of 182 years, to run consecutively to the time he had already served (595 days), which was the term imposed as to all ten robbery offenses combined.  See Judgment (CR03-496, docket no. 94).  Gaines has now been incarcerated for over 17 years, which is approximately 19½ years in custody, considering good-time credit.  He is currently 56 years of age.

In 2018, as part of the First Step Act, Congress amended 18 U.S.C. § 924(c)(1)(C). See United States v. McCoy, 981 F.3d 271, 274 (4th Cir. 2020).  Under the revised language, the 25-year mandatory minimums would not apply to Gaines because, at the time he committed the offenses at issue, he had not previously been convicted of violating 18 U.S.C. § 924(c).  See id. at 275 (observing that the 25-year enhancement is

ORDER - 2

"reserved for recidivist offenders, and no longer applies to multiple § 924(c) convictions obtained in a single prosecution" (quoting *United States v. Jordan*, 952 F.3d 160, 171 (4th Cir. 2020)).  The statutory modification was not, however, explicitly made retroactive, *see Jordan*, 952 F.3d at 174, and Gaines seeks the benefit of the legislative change via his motion under § 3582(c)(1)(A)(i).  Gaines also challenges, pursuant to § 2255, the legal basis for his convictions under § 924(c), arguing that neither armed bank robbery nor Hobbs Act robbery constitute the requisite "crime of violence" to serve as a predicate for the firearm enhancements at issue.  The Government opposes both motions.

**Discussion**

**A.    Motion to Reduce Sentence**

A sentence is generally considered final and may not be altered except in limited circumstances.  *See* 18 U.S.C. § 3582(b); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010).  Prior to 2018, a modification for reasons other than a post-conviction lowering of the applicable sentencing range could be made only upon a motion brought by the Director of the Bureau of Prisons ("BOP").  *See United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020).  Pursuant to the First Step Act, a defendant may now directly request a reduction in the term of incarceration, provided that all administrative remedies have been exhausted.[1]  *See* 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Brooker*,

---

[1] On August 14, 2020, Gaines submitted a written request to the warden at the United States Penitentiary in Pollock, Louisiana, asking for a reduction in sentence based on "extraordinary or compelling circumstances."  Ex. 1 to Mot. (docket no. 132-1); *see also* Gaines Decl. at ¶ 1 (docket no. 142).  The warden received Gaines's request on August 17, 2020, but did not respond

ORDER - 3

976 F.3d 228, 233 (2d Cir. 2020).  To obtain relief, a defendant must meet two criteria: (i) "extraordinary and compelling reasons" warrant a reduction in his or her sentence; and (ii) the reduction is consistent with applicable policy statements issued by the United States Sentencing Commission.  18 U.S.C. § 3582(c)(1)(A).  In modifying any sentence, the Court must consider the applicable factors set forth in 18 U.S.C. § 3553(a).  <u>Id.</u>

Congress has not defined "extraordinary and compelling reasons," but rather delegated that task to the Sentencing Commission.  <u>See</u> 28 U.S.C. § 994(t); <u>see</u> <u>Brooker</u>, 976 F.3d at 232.  In 2006, the Sentencing Commission promulgated United States Sentencing Guideline ("USSG") § 1B1.13, the application notes of which describe three categories of potentially "extraordinary and compelling reasons," namely medical condition, age, and family circumstances, <u>see</u> USSG § 1B1.13 cmt. n.1(A)–(C), and a "catch-all" provision, <u>id.</u> cmt. n.1(D), which "opens the door" to considering factors other than those specifically enumerated, <u>see</u> <u>United States v. McPherson</u>, 454 F. Supp. 3d 1049, 1053 (W.D. Wash. 2020).  USSG § 1B1.13 has not been updated since the passage of the First Step Act, and every Circuit to address the issue has concluded that the Sentencing Commission's policy statement applies only when a § 3582(c)(1)(A) motion

---

until September 17, 2020, <u>see</u> Ex. to Gaines Decl. (docket no. 142 at 2), which was one day past the 30-day period that Gaines was required to wait before filing his pending motion to reduce sentence.  <u>See</u> 18 U.S.C. § 3582(c)(1)(A).  Gaines has initiated an administrative appeal of the warden's decision, but the record contains no indication that such process has been completed.  <u>See</u> Ex. to Gaines Decl. (docket no. 142 at 3); <u>see also</u> <u>United States v. Blinks</u>, No. 17-CR-0248, 2020 WL 5366728, at *2 (E.D. Cal. Sep. 8, 2020) (describing BOP's Administrative Remedy Procedure).  The Government, however, has not disputed that Gaines has exhausted his administrative remedies, and the Court concludes that it has jurisdiction to hear Gaines's § 3582(c)(1)(A) motion.

is brought by the BOP.  See McCoy, 981 F.3d at 281-84; Gunn, 980 F.3d at 1180-81; United States v. Jones, 980 F.3d 1098 (6th Cir. 2020); Brooker, 976 F.3d at 235-36.  Thus, for purposes of Gaines's motion to reduce sentence, USSG § 1B1.13 neither limits this Court's discretion with respect to what constitutes "extraordinary and compelling reasons" nor serves as an "applicable policy statement" against which the pending request must be measured.  See, e.g., Jones, 908 F.3d at 1111 ("In cases where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13.").

The Court concludes that both (i) the "draconian" nature of the now obsolete jurisprudence concerning the "stacking" of mandatory minimums, see United States v. Quinn, 467 F. Supp. 3d 824, 827 (N.D. Cal. 2020), and (ii) the substantial disparity between Gaines's sentence and the prison terms that similarly-situated defendants would receive under the current version of § 924(c), constitute "extraordinary and compelling reasons" justifying a reduction in sentence.  See McCoy, 981 F.3d at 285-86; United States v. Clausen, No. 00-291-2, 2020 WL 4260795 (E.D. Penn. July 24, 2020); United States v. Young, 458 F. Supp. 3d 838 (M.D. Tenn. 2020); United States v. Haynes, 456 F. Supp. 3d 496 (E.D.N.Y. 2020); United States v. Maumau, No. 08-cr-00758, 2020 WL 806121 (D. Utah Feb. 18, 2020); United States v. Urkevich, No. 03CR37, 2019 WL 6037391 (D. Neb. Nov. 14, 2019); see also United States v. Lott, No. 95cr72, 2020 WL 3058093 (S.D. Cal. June 8, 2020); United States v. Arey, 461 F. Supp. 3d 343 (W.D. Va. 2020).  Moreover, Congress's decision not to give automatic retroactive effect to its

ORDER - 5

amendment of § 924(c)(1)(C) does not preclude relief; the "safety valve" offered by § 3582(c)(1)(A) allows for sentence reductions on a case-by-case basis. *See* McCoy, 981 F.3d at 286-87.

In providing Gaines a remedy under § 3582(c)(1)(A), the Court is not required to immediately release him, but rather may adjust his sentence downward, resulting in his continued incarceration for some period of time. *See* Maumau, 2020 WL 806121 at *8; *see* Lott, 2020 WL 3058093 at *3 (reducing sentence from 240 to 192 months); Arey, 461 F. Supp. 3d at 352 (eliminating the "stacking" § 924(c) sentences, resulting in a decrease from 895 to 390 months). As has been the practice of other courts, *see* Clausen, 2020 WL 4260795 at *9; Young, 458 F. Supp. 3d at 850; Maumau, 2020 WL 806121 at *8, the Court SCHEDULES a hearing for **February 4, 2021**, at **10:00 a.m.**, at which the parties may present their arguments regarding the appropriate sentence reduction, considering the relevant § 3553(a) factors. The virtual hearing will be conducted via ZoomGov.com. Counsel shall meet and confer and jointly make the necessary arrangements with BOP for Gaines to participate via videoconference. The link for the ZoomGov.com session will be provided via email. Sentencing memoranda shall be filed by January 29, 2021.

B. **Motion to Vacate, Set Aside, or Correct Sentence**

In light of the Court's ruling on Gaines's § 3582(c)(1)(A) motion, the Court need not address Gaines's request for this Court to call for a re-examination of the decision in Deal. *See* Supp. Memo. at 2-6 (C17-264, docket no. 24). With respect to the separate issues of whether armed bank robbery and/or Hobbs Act robbery are crimes of violence for purposes of the firearm enhancements imposed under § 924(c), Gaines acknowledges

ORDER - 6

that the Ninth Circuit has decided the questions adversely to him.  <u>See</u> <u>id.</u> at 2 (citing <u>United States v. Dominguez</u>, 954 F.3d 1251 (9th Cir. 2020), and <u>United States v. Watson</u>, 881 F.3d 782 (9th Cir. 2018)).  For the present time, the Court is bound by these opinions, and therefore DENIES Gaines's § 2255 motion.  This ruling is, however, without prejudice to renewing the § 2255 motion if the United States Supreme Court grants a writ of certiorari in <u>Lamont Kortez Gaines v. United States</u>, Case No. 20-294.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)     Gaines's § 3582(c)(1)(A) motion to reduce sentence (CR03-496, docket no. 132) is GRANTED in part and DEFERRED in part.  The Court concludes that "extraordinary and compelling reasons" warrant a reduction in Gaines's sentence and SETS a virtual hearing for **February 4, 2021**, at **10:00 a.m.**, to determine the appropriate term of imprisonment in light of the relevant factors set forth in § 3553(a).

(2)     Gaines's § 2255 motion (C17-264, docket no. 1) is STRICKEN in part as moot and DENIED in part, but without prejudice to renewing the motion if a writ of certiorari is granted in Supreme Court Case No. 20-294.

(3)     The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 23rd day of December, 2020.

Thomas S. Zilly
United States District Judge